NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0208n.06

Nos. 10-3836/10-3901

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Feb 22, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JESSICA DELLARUSSIANI, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ED DONNELLY ENTERPRISES, INC., et al., | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | OPINION |

Before: **MOORE, SUTTON, and DONALD**, Circuit Judges.

**Bernice B. Donald, Circuit Judge.** This action, which is before this court for the second time, arises from the employment of Appellants Jessica Dellarussiani, Derrick Kinchen, Chad Larson, Jill Puff, Debbie Brunke and Nathan Buscher (collectively, "Appellants") by Appellees Ed Donnelly and Ed Donnelly Enterprises, Inc. (collectively, "EDE"). Appellants brought suit under the Fair Labor Standards Act ("FLSA") and the equivalent Ohio statute alleging that EDE failed to pay wages to which Appellants were entitled. The district court entered judgment in favor of Appellants pursuant to EDE's Rule 68 Offer of Judgment on Counts One and Two of the complaint.[1] Subsequently, the parties were unable to agree on the reasonable attorneys' fees to which Appellants were entitled. In their first Application for an Award of Attorneys' Fees and Costs, Appellants' counsel sought $155,171.50 in attorneys fees and $8,012.70 in costs. On January 18, 2008, the

---

[1] The district court also granted summary judgment in favor of EDE on Count Three, a ruling upheld by this court in an earlier appeal.

district court entered an order awarding Appellants $5,614.50 in attorneys' fees and $410.44 in costs.

On appeal of that order, we remanded with additional instructions to the district court regarding the

proper calculation of Appellants' attorneys' fees. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575

F.3d 567 (6th Cir. 2009). On remand, the district court found that Appellants were entitled to an

additional $15,844.73 in attorneys' fees and costs, for a total award of $20,691.63. Appellants

timely appealed the district court's ruling, and EDE cross-appealed.

For the following reasons, we **AFFIRM**.

## I. BACKGROUND

Appellants are former employees of two McDonald's franchises in Bellefontaine, Ohio. EDE

owned and operated the restaurants at issue. Appellants alleged that EDE failed to pay all of the

regular and overtime wages to which they were entitled under the FLSA and Ohio law. Appellants

originally opted in as plaintiffs in *O'Brien v. Ed Donnelly, Inc.*, Case No. C2-04-085 ("*O'Brien*"),

a related action still pending in the United States District Court for the Southern District of Ohio.

That action was brought by the same law firm, Ferron & Associates (hereinafter, "Ferron"), who

represent Appellants in the present matter.

On November 8, 2004, the district court conditionally certified *O'Brien* as a collective action

under § 216(b) of the FLSA.[2] After extensive discovery, however, the court found that the *O'Brien*

plaintiffs had failed to establish that they were similarly situated and decertified the class.

---

[2] When *O'Brien* began, Ferron sent notices to hundreds of former EDE employees. Only thirty-six opted into the action. Thus, *O'Brien* initially involved a total of thirty-eight plaintiffs.

Thereafter, on March 22, 2007, Ferron filed the instant lawsuit on behalf of six former opt-in

plaintiffs from *O'Brien* .

On May 24, 2007, EDE served on Ferron a Rule 68 Offer of Judgment (hereinafter, "Offer")

that provided:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants [EDE] hereby offer judgment to be taken against them on Counts One and Two of the plaintiffs' complaint in this action in the following amounts as to each plaintiff, plus costs accrued to date and reasonable attorneys' fees:
>
> | | |
> |---|---|
> | Brunke | $146.04 |
> | Buscher | $71.32 |
> | Kinchen | $148.64 |
> | Larson | $1953.54 |
> | Wagner | $196.36 |
> | West | $3,626.30 |
>
> This Offer of Judgment may be accepted by any one or more of the plaintiffs and is not conditioned upon agreement of all plaintiffs. If this offer is accepted by one or more plaintiffs, the Court would at the appropriate time determine the appropriate amount of attorneys' fees, if any, to be awarded to plaintiffs' counsel. This Offer of Judgment is made for the purposes specified in Rule 68 and is not to be construed either as an admission that defendants are liable in this action or that plaintiffs have suffered any recoverable damages.

EDE based the dollar amounts in their Offer on the sworn affidavits filed by each of the plaintiffs

in *O'Brien* and also on the "damage calculations" prepared by Ferron in *O'Brien*.

The district court ultimately entered judgment in favor of Appellants on Counts One and Two

in accordance with the terms of EDE's Offer. The court also found that Appellants could not prevail

on Count Three as a matter of law and granted summary judgment in favor of EDE.[3] As to the issue

---

[3] Count Three was a claim for liquidated damages under Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.15(B). The Act provides that "[w]here wages remain unpaid for thirty days beyond the

of attorneys' fees, the court directed Ferron to file a motion "setting forth the amount claimed, and detailing the basis for such calculation."

In its first application for an award of attorneys' fees, Ferron sought an award of $155,171.50 in fees and $8,012.70 in costs incurred through May 24, 2007. Ferron argued that because "most of the legal services necessary to prosecute [Appellants'] claims . . . were rendered in connection with the *O'Brien* matter," it was entitled to recover all of the costs and fees incurred in *O'Brien*. In opposition to the motion, EDE argued that Ferron should not be awarded any fees incurred in *O'Brien* because "[n]ot only were [Appellants] unsuccessful in *O'Brien*, only a small fraction of the fees claimed by [Ferron] bear any relationship to the claims upon which [Appellants] in this action can be considered to have prevailed."[4]

The district court granted in part and denied in part Ferron's application for fees. It found that Ferron's invoice was "rife with examples of entries that are not even arguably related to the FLSA claims for these six Plaintiffs." The court also found that

---

regularly scheduled payday . . . and *no contest[,] court order[,] or dispute of any wage claim . . . exists accounting for nonpayment, the employer . . . is liable [in liquidated damages] to the employee. . . ." *Id.* (emphasis added). The district court found that, because EDE disputed whether Appellants were owed any wages, Appellants could not recover under the Act and EDE was entitled to summary judgment.

[4] In particular, EDE argued that many of the fees incurred in *O'Brien* were generated by Ferron's "unsuccessful and unwarranted attempts to cobble together a collective action where none properly existed." EDE also pointed out that the parties spent time in *O'Brien* litigating the merits of the state-law fraud claim, which is still pending with respect to the two remaining *O'Brien* plaintiffs, but which is not a claim that Ferron pursued on behalf of Appellants. Finally, EDE argued that significant time was spent in *O'Brien* litigating issues related to the thirty-two plaintiffs who are not parties to the instant matter.

> contrary to [Ferron's] averments, no meaningful review, no deletion of inappropriate charges, and no billing judgment was exercised in the preparation of the fee application. In addition, [Ferron has] failed to meet [its] burden of presenting this Court with time records of sufficient detail to afford the Court a reasonable manner for determining how much time was spent on tasks in the *O'Brien* matter that contributed to the success of the six Plaintiffs in this action. Instead, the vast majority of the entries contain descriptions that aggregate tasks—often tasks relating to different plaintiffs who are not plaintiffs in this action—in one entry. Though the names of the six Plaintiffs in this action do sporadically appear in the *O'Brien* Invoice, there is not a single entry in which it is clear that all the time associated with that entry was spent in furtherance of claims of one or more of the Plaintiffs in this case.

> Due to [Ferron's] lack of billing judgment and inadequate documentation of hours, it is difficult for this Court to determine how much time was spent on tasks in the *O'Brien* matter that were necessary, not redundant, and contributory to the success of the six Plaintiffs in this action. . . . Thus, the Court concludes that the proper award is the amount invoiced in this case by [Ferron] for [Appellants'] FLSA claims.

Having determined that the fees incurred in *O'Brien* were not recoverable, the court awarded Ferron only the fees and expenses incurred in the instant matter, for a total award of $6,024.94.

On appeal of that order, we found that Ferron was not barred under the FLSA from recovering a portion of the fees incurred in *O'Brien*. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 576 (6th Cir. 2009). Responding to EDE's argument that the FLSA authorizes an award of fees only in "the action" where a plaintiff prevails, we stated that "[s]uch a wooden reading of the statute is unnecessary." *Id.* We acknowledged that discovery in the instant case took place when Appellants were still parties to *O'Brien*, and thus, we remanded to the district court for a determination of an appropriate fee award. *Id.* We did so "notwithstanding the inadequacy and perhaps even the impropriety in the billing records that [Ferron] had originally presented to the district court." *Id.* In light of our reading of the FLSA, we directed the district court to give Ferron

"one more opportunity to present records that reflect fees incurred in pursuit of and which benefitted the *Dellarussiani* plaintiffs' claims on which they prevailed" pursuant to the Offer. *Id.* We cautioned, however, that "absent a specific showing of benefit to the *Dellarussiani* plaintiffs, fees [could not] be recovered for expenses incurred for the claims of *O'Brien* plaintiffs who did not file suit in *Dellarussiani*, nor for the claims of the lead plaintiffs in *O'Brien* who remained after the collective action was decertified." *Id.* at 577.

In its second application for attorneys' fees, Ferron sought a total of $110,705.83, which was comprised of three distinct components: (1) $92,181.73 in fees and expenses incurred in *O'Brien*, which it argued directly benefitted Appellants in the instant case; (2) $11,430.18 in fees and costs incurred in appealing the district court's initial order; and (3) $7,093.97 in fees and costs incurred in proceeding on remand, which included preparation of the second application for attorneys' fees. The district court awarded Ferron an additional $13,371.04 in attorneys' fees and $1,178.04 in costs incurred in *O'Brien*, and $1,095.65 in costs for the first appeal.[5] Both sides appealed.

## II. LAW & ANALYSIS

A district court's award of attorneys' fees and the determination of the amount of fees are reviewed for abuse of discretion. *See, e.g.*, *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005); *Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998); *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir. 1995). We will reverse only if we are firmly convinced that the trial court made

---

[5] When added to the previous award of $6,024.94, the court awarded Ferron a total of $20,691.63 in fees and expenses.

a mistake, for instance, by relying on clearly erroneous findings of fact, by improperly applying the

law, or by using an erroneous legal standard. *Tucker v. City of Fairfield*, 398 F.3d 457, 461 (6th Cir.

2005). We examine in turn each of the three categories of fees for which Ferron sought recovery.

### A. Fees Incurred in *O'Brien*

In its attempt to comply with our directive to provide adequately detailed billing records on

remand, Ferron submitted to the district court the same invoice that accompanied its initial

application for fees. The district court noted that Ferron had

> not amended the actual Invoice to include only those time entries that directly benefit
> [Appellants]. Rather, [Ferron] has created a 124-page Index that is derived from the
> original Invoice. It essentially cuts a few lines from the Invoice and randomly
> discounts a few entries, but still includes numerous entries that do not even remotely
> benefit [Appellants]. . . . The Index does not further clarify [the inadequacies
> previously identified in the Invoice], but rather is just derivative of what appears on
> the Invoice. The Court is therefore unable to determine the exact amount of
> attorneys' fees that benefitted [Appellants] as instructed by the Sixth Circuit. . .
>
> The Court finds that [Ferron's] Invoice lacks sufficient detail to review the
> reasonableness of the hours expended that benefit [Appellants]. Further, the
> intermingling of the time entries, in combination with the lack of detail, make it
> impossible to distinguish the tasks within each entry that benefit [Appellants].

The district court acknowledged that Ferron had "deleted a few entries as not benefitting the

*Dellarussiani* Plaintiffs," but found that it had "not nearly excluded enough." For instance, Ferron

sought to recover time spent on unsuccessful motions in *O'Brien* and on motions that pertained only

to the claims of *O'Brien* plaintiffs who were not parties to the instant case. Additionally, the court

rejected as inadequate Ferron's "generic statement[s] that the work performed benefits the

*Dellarussiani* Plaintiffs," as these statements failed to describe the work that Ferron actually

performed. The court concluded that the non-specific nature of Ferron's billing entries made it impossible to simply "subtract the number of hours that did not benefit the *Dellarussiani* Plaintiffs."

Thus, the court fashioned what it determined to be an appropriate formula for calculating the fees Ferron could recover for work performed in *O'Brien*. The court started with the assumption "that the general descriptions on the Invoice were for all 38 original *O'Brien* plaintiffs." Considering that Appellants constituted six of the thirty-eight *O'Brien* plaintiffs, the court ordered a proportional award—sixteen percent, or roughly six thirty-eighths—of the *O'Brien* fees sought.

Having reviewed the invoice and the Index, we agree with the district court's characterization of Ferron's submissions. Each billing entry on the thirty-one page *O'Brien* invoice is supplemented by a corresponding "explanation" in the Index. We note, initially, that the Index does not provide additional *evidence*, as we requested, to support the fees Ferron sought in the *O'Brien* matter. Rather, as EDE pointed out to the district court, the Index contains Ferron's *arguments*, which attempt to characterize various billing entries in ways that show at least a tangential relationship to the claims of Appellants in the instant case. The generic descriptions in the Index, however, shed little or no light on the particular work that each billing entry represents. We agree with the district court, therefore, that it is impossible to determine if or how the work represented by those billing entries furthered the claims of Appellants, or even if the amount of time billed for each entry is reasonable. Moreover, given that there is no supporting documentation to substantiate Ferron's attempt to supplement vague descriptions of work performed as much as five years ago, we are skeptical about the reliability of the explanations in the Index.

Despite these deficiencies, and consonant with our conclusion that the FLSA was not an absolute bar to the recovery of some portion of the fees generated in *O'Brien*, the district court endeavored to award Ferron what it determined to be a reasonable proportion of those fees. If Ferron believed it was entitled to recover a greater fee award, it was incumbent upon the firm to produce adequate proof that the fees sought specifically benefitted Appellants. Ferron's failure to do so was to its detriment. The district court concluded that the evidence Ferron presented was inadequate to justify the fees sought. The court considered the evidence before it and articulated a logical rationale for its calculation of fees. This was not an abuse of discretion.

We likewise reject EDE's argument that the district court erred in awarding any fees for Ferron's work in *O'Brien*. EDE contends that the district court "was required to award fees only where there was a specific showing of benefit to [Appellants]," and points out that the district court's order repeatedly noted that Ferron's Index did not make such a showing. Therefore, EDE argues, "upon the district court's clear conclusion that it was unable to determine the amount of attorneys' fees that related to [Appellants], it should have denied [Ferron's] application in its entirety, and its award of fees contrary to this Court's directive was an abuse of discretion." We disagree.

When determining a reasonable attorneys' fee, courts consider a myriad of factors "in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). The FLSA was enacted to "eliminate labor conditions detrimental to the maintenance of the minimum standard [of] living for workers." *Id.* (internal quotations omitted). The availability of attorneys' fees under the

FLSA reflects the congressional intent that these policies be vindicated and that workers have effective access to the judicial process. *Id.* at 502.

It is true that we cautioned Ferron that it could not recover *O'Brien* fees absent a specific showing of benefit to Appellants. However, we also acknowledged "[t]he reality . . . that discovery concerning the *Dellarussiani* plaintiffs' claims took place in *O'Brien*," and it goes without saying that Ferron expended time and resources and incurred fees throughout the discovery process. Inasmuch as these efforts ultimately contributed to the judgment in Appellants' favor—albeit, pursuant to EDE's Offer—there undeniably was *some benefit* to Appellants. To preclude Ferron from recovering any of its discovery-related fees and expenses in the instant matter would not further the congressional policy underlying the FLSA and its provision for attorneys' fees for prevailing plaintiffs. In light of these considerations, the district court's award of a reasonable proportion of *O'Brien* fees was not an abuse of discretion.

**B. Fees Incurred on Appeal of the District Court's First Order**

Ferron also argues that the district court erred in declining to award it fees "in prosecuting the Plaintiffs' successful appeal" of the district court's first order. In the appeal to which Ferron refers, Appellants challenged the district court's entry of judgment on Counts One and Two of the complaint, the grant of summary judgment in favor of EDE on Count Three, and the amount of the attorneys' fee award.[6] On appeal, we upheld the district court's disposition of Counts One and Two

---

[6] In the same appeal, counsel also challenged several of the district court's rulings in *O'Brien*. However, to the extent that any of *those* challenges were successful, they do not bear on our analysis of the present issue. For the purposes of the instant case, we consider only whether Appellants were successful in their appeal of the district court's rulings in *Dellarussiani*.

in accordance with the Offer of Judgment. We also upheld the district court's summary disposition of Count Three in favor of EDE. In light of our reading of the FLSA, however, we remanded the issue of attorneys' fees to the district court, admonishing Ferron to present billing records sufficiently detailed to allow the court to calculate an appropriate award.

Because we affirmed its disposition of the substantive portions of Appellants' claims, the district court concluded that Appellants were not "prevailing parties" on appeal—at least, not as that phrase is commonly understood. Ferron was only successful in securing a second chance to submit adequate billing records so the court could determine an appropriate fee award. The district court determined that this was not an outcome that justified an award of attorneys' fees for a "successful appeal" within the meaning of the FLSA. However, acknowledging that Ferron was at least partially successful on the issue of attorneys' fees, the district court awarded Ferron its costs incurred on appeal. We find this resolution reasonable, and not an abuse of discretion.

### C. Fees Incurred on Remand

Finally, Ferron argues that it was entitled to recover fees and costs incurred in "prosecuting Appellants' claims on remand." On remand, however, Ferron was no longer prosecuting the claims of the *Dellarussiani* plaintiffs. The only task with which Ferron was charged on remand was the preparation and submission of adequate billing records to reflect the time billed in *O'Brien* that specifically benefitted the *Dellarussiani* plaintiffs. The district court properly concluded that Ferron was not entitled to collect fees incurred as a result of its own inadequate billing practices. As the court noted, these fees could have been avoided entirely had the original application been sufficiently

detailed.  Thus, Ferron is not entitled to a statutory award of fees for this additional expenditure of

time and effort.

### III.  CONCLUSION

For the foregoing reasons, the district court's award of attorneys' fees is **AFFIRMED**.